## LIABILITY FOR BALANCE OF FREIGHT CHARGES.

Circuit Court of Hamilton County.

### LOUISVILLE & NASHVILLE RAILWAY COMPANY v. THE MAGNUS COMPANY.

Decided, August 6, 1910.

*Freight Charges—Billed at Less than Fixed Rate by Mistake—Liability of Consignee for Balance Due—Freight Rates Not a Subject of Contract.*

Where a railway company by reason of a mistake collects less from the consignor than the fixed rate on a shipment of goods and the goods have been delivered to the consignee, an action will lie against the consignee for the balance due, notwithstanding there was an agreement between the consignee and the consignor that the consignor was to pay the freight charges.

*Kinkead & Rogers,* for the Railway Company.
*Max B. May,* contra.

Goods were shipped from Alabama to the defendants, with charges prepaid in accordance with contract. But by an error of the freight clerk at the place of shipment the freight charge was made $20.15 less than the established rate. The consignees accepted the goods knowing that the freight had been partly prepaid, but refused to complete the payment when the company sought to collect the balance due. Suit was thereupon brought by the railway company against the consignees, and in the court below judgment was given for the consignees on the theory that the claim should have been prosecuted against the consignors.

SWING, J.; GIFFEN, P. J., and SMITH, J., concur.

By force of the United States laws the rates of freight between points in the state of Alabama and Cincinnati are fixed and are not the subject of contract. The railroad company can neither charge more nor accept less than the fixed rate. In the present case the railroad company by mistake accepted less than the fixed rate from the shipper. It supposed it was receiving from the

shipper the exact amount of the fixed rate and did not attempt to contract to carry the goods for less than the fixed rate. The railroad company had a lien on the goods for the balance of this freight charge, and the law made it the duty of the company to collect it. Not to do so would in effect amount to a rebate which would violate the statute. The mistake was discovered by the company before it delivered the goods and the Magnus Company were notified that the amount of the error was charged against the goods. The Magnus Company, under an agreement with the railway company, were allowed to receive all freight consigned to them and pay the charges at stated periods, the Magnus Company being on what is known as the credit list. On the facts we think the Magnus Company is liable for the balance due on the frieght the same as if no freight had been paid.

Judgment reversed and judgment for plaintiff in error.